## JOE HAND PROMOTIONS, INC., Plaintiff,

v.

## ROSEVILLE LODGE NO. 1293, Loyal Order of Moose, Incorporated, an unknown business entity d/b/a Moose Lodge 1293, Defendant.

### No. 2:14-cv-00361-MCE-EFB

United States District Court, E.D. California.

Signed 02/10/2016

Thomas Peter Riley, Jr., Law Offices of Thomas P. Riley, P.C., South Pasadena, CA, for Plaintiff.

Matthew Allen Pare, Law Offices of Matthew Pare, APC, Chula Vista, CA, for Defendant.

## MEMORANDUM AND ORDER

MORRISON C. ENGLAND, JR., CHIEF JUDGE, UNITED STATES DISTRICT COURT

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") asserts several causes of action against Defendant Roseville Lodge No. 1293, Loyal Order of Moose, Inc. ("Defendant") based on an unlawful interception and broadcast of a television program to which Plaintiff had the exclusive com-

mercial distribution rights. Pending before the Court are the parties' respective motions for summary judgment. ECF Nos. 19, 20. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, and Plaintiff's Motion for Summary Judgment (ECF No. 20) is GRANTED in part and DENIED in part.[1]

### BACKGROUND [2]

Plaintiff had the exclusive nationwide distribution rights to "Ultimate Fighting Championship 157: Ronda Rousey v. Liz Carmouche," which aired on Saturday, February 22, 2013 ("the Fight"). Plaintiff's rights to the Fight included non-residential establishments such as Defendant's establishment and encompassed all undercard events as well as the main event.[3] Without the authorization of Plaintiff, Defendant exhibited the Fight at its establishment in Roseville, California.

On the date of the Fight, Sherri Hokada visited Defendant's establishment. Hokada, an investigator, observed that the Fight was broadcast on five of seven televisions and that there were between fifty-seven and sixty-four patrons present. Hokada estimated the capacity to be around two-hundred individuals. Based on that capacity, Plaintiff would have charged $1,600 to show the Fight in Defendant's establishment. Hokada also observed a satellite dish on the roof of the building.

Defendant does not dispute that it (1) showed the Fight, (2) had satellite technology at its establishment, and (3) neither ordered the Fight nor paid Plaintiff a licensing fee for it. Def.'s Resp. to Pl.'s Statement of Undisputed Facts, ECF No. 23-1, at 1-2. However, Defendant contends that the maximum capacity of its establishment is "between 80-100," a figure that, per Plaintiff's rate card, reduces the licensing fee that Plaintiff would have charged for the Fight to $950. Id. at 2.

Plaintiff's Complaint identifies the following causes of action: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; (3) conversion; and (4) violation of California Business and Professions Code § 17200. Plaintiff seeks summary judgment on the first, second, and third causes of action, and Defendant seeks summary judgment on all four causes of action.

### STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S.Ct. 2548. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually

---

1. Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

2. The following statement of facts is based on the allegations in Plaintiff's Motion for Summary Judgment. ECF No. 20.

3. Defendant disputes that Plaintiff's rights extended to distribution in non-residential establishments.

does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, [ ] the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S.Ct. 2505. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Id. at 251, 106 S.Ct. 2505 (quoting Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1871)) (emphasis in original). As the Supreme Court explained: "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586, 106 S.Ct. 1348. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is

no 'genuine issue for trial.' " Id. at 587, 106 S.Ct. 1348.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255, 106 S.Ct. 2505. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244–45 (E.D.Cal.1985), aff'd, 810 F.2d 898 (9th Cir.1987).

## ANALYSIS

Both Plaintiff and Defendant advance several arguments in the pending motions. The Court will examine each Motion in turn and address only the arguments that the Court finds dispositive.

### A. Plaintiff's Motion for Summary Judgment

#### 1. First Cause of Action: 47 U.S.C. § 605

#### a. Entitlement to Summary Judgment

As the moving party, Plaintiff bears the initial burden of informing the Court of the basis of its Motion and identifying the portions of the record that Plaintiff believes demonstrate the absence of a genuine issue of material fact. Plaintiff's Motion accomplishes these objectives with respect to the first cause of action.

Section 605(a) provides: "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). More simply, the statute "prohibits commercial

establishments from intercepting and broadcasting to its patrons satellite cable programming." Kingvision Pay–Per–View v. Guzman, No. C09–00217, 2009 WL 1475722, at *2 (N.D.Cal. May 27, 2009). Although § 605 did not originally address television signal piracy, "amendments made to the statute in the 1980's extended [its] reach to the unauthorized reception or interception of television programming." DirecTV, Inc. v. Webb, 545 F.3d 837, 843 (9th Cir.2008). Furthermore, while damages under § 605 may be reduced if "it is later found that defendant acted unknowingly," a defendant's willful violation is irrelevant "in determining liability." Joe Hand Promotions, Inc. v. Albright, CIV. 2:11–2260 WBS CMK, 2013 WL 2449500, *4 (E.D.Cal. June 5, 2013).

▉ Here, Plaintiff has produced sufficient evidence to show that Defendant violated § 605 by intercepting a satellite broadcast of the Fight. Plaintiff has established that it had the exclusive commercial distribution rights to the Fight. Pl.'s Decl. (Ex. 1), ECF No. 11, at 4-19. Plaintiff also established that it entered into sub-licensing agreements with various establishments, including establishments such as Defendant's, to permit the public exhibition of the Fight. Id. at 1-3. Plaintiff further established—and Defendant does not dispute—that Defendant showed the Fight without paying the licensing fee or receiving authorization from Plaintiff. Def.'s Resp. to Req. for Admis. (Nos. 1, 3), ECF No. 20-3. Defendant also conceded that it has satellite service at its establishment. The undisputed evidence—specifically, the lack of Plaintiff's authorization and the satellite service at Defendant's establishment—is sufficient to establish Defendant's unauthorized interception of the Fight via satellite service. See Webb, 545 F.3d at 844 ("direct evidence of signal piracy is not required to prove unlawful interception"); Albright, 2013 WL 2449500 at *5 (granting summary judgment on a

§ 605 claim and explaining that exhibition of a program at an establishment with an antenna and satellite dish leads to the "reasonable inference ... that the Program was intercepted via satellite service").

The burden therefore shifts to Defendant to controvert Plaintiff's circumstantial evidence and establish that a genuine issue as to any material fact actually does exist. Zenith Radio Corp., 475 U.S. at 586–87, 106 S.Ct. 1348. Defendant, however, has failed to establish the existence of a genuine issue of material fact. First, Defendant concedes that it showed the Fight without Plaintiff's authorization. Second, Defendant has not offered any evidence to indicate that the Fight was received through some other method; and, again, Defendant admitted having satellite technology at its establishment on the date of the Fight. Def.'s Resp. to Admis. (No. 11), ECF No. 20-3. Because Defendant has failed to establish the existence of a genuine issue as to Plaintiff's § 605 claim, Plaintiff's Motion for Summary Judgment is GRANTED as to the first cause of action.

**b. Damages under 47 U.S.C. § 605**

The next issue is the amount of damages Plaintiff is entitled to for the § 605 violation. "The party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). "Courts in this circuit have granted widely varying awards ranging from near the minimum statutory award of [$]1,000 to near the maximum of [$]110,000, depending on such factors as the capacity of the establishment, the number of patrons in attendance, and whether a cover charge was required for entrance." Albright, 2013 WL 2449500 at *6. Courts have also considered whether the defen-

dant previously violated anti-piracy laws. Id.

Plaintiff requests statutory damages of $5,000 pursuant to § 605(e)(3)(C)(i)(II) and enhanced statutory damages of $20,000 pursuant to § 605(e)(3)(C)(ii). The Court will award $2,000 in statutory damages and no enhanced statutory damages. Although Defendant showed the Fight on five of seven televisions and there were between fifty-seven and sixty-four patrons at the establishment, there is no evidence that Defendant charged a cover charge for entrance, increased food or beverage prices during the Fight, or previously violated either § 553 or § 605. Plaintiff has not established that enhanced statutory damages are warranted. Accordingly, the Court finds an award of $2,000 in statutory damages appropriate. See Albright, 2013 WL 2449500, at *7 (awarding $1,000 in statutory damages and no enhanced statutory damages under similar factual circumstances).

### 2. Second Cause of Action: 47 U.S.C. § 553

"A signal pirate violates section 553 if he intercepts a cable signal, [and] he violates section 605 if he intercepts a satellite broadcast. But he cannot violate both by a single act of interception." J & J Sports Prods., Inc. v. Manzano, No. C–08–01872 RMW, 2008 WL 4542962, at *2 (N.D.Cal. Sept. 29, 2008). Here, the undisputed evidence indicates that Defendant intercepted a satellite broadcast, not a cable signal; that is a violation of § 605, not § 553. Accordingly, Plaintiff's Motion is DENIED to the extent it seeks summary judgment on the second cause of action.

### 3. Third Cause of Action: Conversion

#### a. Entitlement to Summary Judgment

Plaintiff's third cause of action is a conversion claim. To establish conver-

sion, a plaintiff must show: (1) plaintiffs' ownership or right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages. Tyrone Pac. Intern., Inc. v. MV Eurychili, 658 F.2d 664, 666 (9th Cir.1981). Because conversion is a strict liability claim, a defendant's "good faith, lack of knowledge, motive, or intent are not relevant" in establishing a claim for conversion. Albright, 2013 WL 2449500 at *8.

As to the first element, the "right to distribute programming via satellite" is recognized as a "right to possession of personal property" for purposes of a conversion claim under California law. DirecTV, Inc. v. Pahnke, 405 F.Supp.2d 1182, 1189–90 (E.D.Cal.2005) (granting plaintiff summary judgment on its conversion claim after recognizing the right to distribute as a right to possession of the property). Here, Plaintiff has established its right to distribute the Fight in establishments such as Defendant's. Pl.'s Decl. (Ex. 1), ECF No. 11, at 1–19. Plaintiff has thus sufficiently established its property interest at the time of the conversion.

Defendant counters that Plaintiff did not have the right to distribute the Fight in Defendant's establishment because (1) Plaintiff's distribution rights extended only to commercial establishments and (2) Defendant is a "members-only non-profit private charitable organization." Def.'s Mot., ECF No. 19 at 4. Defendant made the same argument in a prior motion, and the Court rejected that argument. See ECF No. 16 at 5. Defendant has not provided the Court with any argument undermining the Court's reasoning in the previous Order or otherwise established a genuine issue of material fact as to the first element of Plaintiff's conversion claim. Plaintiff's

property interest included the right to distribute to Defendant's establishment.

As to the second element of conversion, there is no dispute that Defendant showed the Fight without Plaintiff's authorization. The undisputed facts are sufficient to establish Defendant's conversion of Plaintiff's property right by a wrongful act. See Pahnke, 405 F.Supp.2d at 1189–90 (concluding that lack of plaintiff's authorization was sufficient to show that defendant misappropriated plaintiff's property rights).

Plaintiff has also established damages, the third element of its conversion claim. Specifically, the undisputed evidence indicates that Defendant deprived Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive.

There being no genuine issue of material fact as to any element of conversion, Plaintiff's Motion is GRANTED to the extent it seeks summary judgment on the third cause of action.

**b. Damages for Conversion**

Plaintiff may recover as damages the value of the property at the time of the conversion. Cal. Civ. Code § 3336; Krueger v. Bank of Am., 145 Cal.App.3d 204, 215, 193 Cal.Rptr. 322 (2nd Cir.1983). Plaintiff argues that it is entitled to $1,600 in damages for the conversion, as that is the amount that Defendant would have had to pay to broadcast the Fight lawfully. That figure is based on the investigator's estimate that Defendant's establishment has a capacity of 200 and the "rate card" for the Fight. Pl.'s Statement of Undisputed Facts (No. 8), ECF No. 20-1 (citing the rate card and the investigator's affidavit); See Hokada Aff., ECF No. 20-2, at 3; Def.'s Mot. (Ex. 3), ECF No. 19-3 (the rate card). Plaintiff has carried its burden with respect to the amount of damages for the conversion claim.

Defendant counters that the maximum capacity of its establishment is "between 80-100," and that the value of the property at the time of the conversion (according to Plaintiff's rate card) is therefore only $950. Def.'s Resp. to Pl.'s Statement of Undisputed Facts, ECF No. 23-1, at 2. But the only evidence that Defendant cites in support of that assertion is "the headcounts of plaintiff's investigator as well as the photographs . . . ." Id.

Defendant's evidence is insufficient to create a triable issue. First, Defendant seems to agree that Plaintiff's rate card—which provides licensing fees based solely on the "Fire Code Occupancy" of the establishment—determines the value of the Fight for purposes of conversion. Id. Second, the evidence that Defendant relies on—headcounts and photographs—does not corroborate its claim that its establishment is "between 80-100." Again, the only variable on the rate card is the "Fire Code Occupancy" of the establishment; the investigator's head count (i.e., the number of patrons actually present during Defendant's showing of the Fight) is entirely irrelevant for purposes of determining the value of the Fight under the rate card. Defendant fails to appreciate that the investigator that took the head count also estimated a capacity of 200. Moreover, Defendant's reference to unspecified "photographs" lacks the particularity that Rule 56 requires to establish the existence of a genuine factual dispute. See Fed. R. Civ. P. 56(c)(1). Lastly, the photographs attached to the investigator's affidavit—all of which capture the exterior of the building—do not undermine the investigator's estimates, corroborate Defendant's estimation of "between 80-100," or otherwise create a genuine issue of material fact.

Defendant further argues that allowing damages for both Plaintiff's § 605 claim and its conversion claim would result

in impermissible duplicative recovery. Some courts in this circuit generally award damages under both the statutory claim and for conversion, although other districts have taken the opposite approach. Albright, 2013 WL 2449500 at *9; Compare J & J Sports Prod., Inc. v. Paolilli, 1:11–CV–680 LJO GSA, 2011 WL 6211905, at *3–4 (E.D.Cal. Dec. 14, 2011) (awarding damages for both § 605 and conversion claims), with J & J Sports Prods., Inc. v. J.R. 'Z Neighborhood Sports Grille, Inc., 2:0903141 DCN RSC, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010) (denying plaintiff's claim for recovery for conversion after awarding damages under § 605). To avoid impermissible duplicative recovery, the Court did not consider the value of Defendant's unauthorized showing of the Fight when determining the appropriate statutory damages under § 605. Accordingly, the Court's award of $1,600 in conversion damages is not duplicative.

## B. Defendant's Motion for Summary Judgment

Defendant raises several arguments in its Motion, some of which the Court has already addressed in evaluating the merits of Plaintiff's Motion for Summary Judgment. The remainder of this Order addresses only those arguments that the Court has not already examined.

### 1. Standing

Defendant argues that Plaintiff lacks standing because Plaintiff does not have distribution rights to a "members-only non-profit private charitable organization" such as Defendant's establishment. Def.'s Mot., ECF No. 19 at 4. Defendant advanced the same argument in its Motion for Judgment on the Pleadings (ECF No. 8), and the Court rejected that argument (ECF No. 16). Defendant has failed to provide any argument to justify a deviation from the Court's previous order or otherwise establish that Plaintiff lacks standing.

Thus, Defendant is not entitled to summary judgment on the ground that Plaintiff lacks standing.

### 2. Evidence of the type of signal intercepted under § 605

Defendant argues that "it is necessary for the [P]laintiff to establish the type of signal that was allegedly intercepted to prevail in its case." Def.'s Mot., ECF No. 19, at 9. Defendant's argument is inconsistent with the applicable and binding case law. The Ninth Circuit has made clear a plaintiff may rely on "circumstantial evidence to prove unlawful interception." Webb, 545 F.3d at 844. As the Court has already explained, the lack of Plaintiff's authorization and Defendant's satellite service—facts which Defendant does not dispute—are sufficient to establish that the Fight was intercepted via satellite service. See Albright, 2013 WL 2449500 at *5. Id. Thus, Defendant is not entitled to summary judgment on the ground that Plaintiff failed to establish the type of signal intercepted.

Accordingly, Defendant's Motion is for Summary Judgment is DENIED.

## CONCLUSION

Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED.

Plaintiff's Motion for Summary Judgment (ECF No. 20) is GRANTED in part and DENIED in part as follows:

1. Plaintiff's Motion is GRANTED as to the first cause of action (violation of 47 U.S.C. § 605); Plaintiff is awarded $2,000 in statutory damages and no enhanced statutory damages for that claim.

2. Plaintiff's Motion is DENIED as to the second cause of action (violation of 47 U.S.C. § 553).

3. Plaintiff's Motion is GRANTED as to the third cause of action (conversion), and

Plaintiff is awarded $1,600 in damages for that claim.

Plaintiff did not seek summary judgment on the fourth cause of action. Within fourteen (14) days of the date this Order is electronically filed, Plaintiff shall inform the Court whether it will proceed on the fourth cause of action or seek dismissal of that claim and request that this case be closed. If no notice is received with said fourteen (14) day period, this case will be closed without any further notice to the parties.

IT IS SO ORDERED.